■ TROY SAVINGS BANK, Respondent, v MARCY PLACE REALTY CORP. et al., Defendants, and 507 REALTY Co., Appellant. [602 NYS2d 866] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered April 7, 1993, which, inter alia, confirmed the report of the Referee and ordered the public sale of certain foreclosed premises, unanimously affirmed, without costs. Appeals from the memorandum decision of the same court and Justice dated November 12, 1992, and an order of the same court and Justice dated May 13, 1993, which denied appellant's motion for reargument, unanimously dismissed, as nonappealable, without costs.

In this mortgage foreclosure action, appellant failed to demonstrate a reasonable excuse and meritorious defense so as to vacate the default at a hearing to compute the amount due under the mortgage. The proceeding has been pending since 1989, and at least two stipulations have been executed by plaintiff in an attempt to settle the matter. Appellant's general partner Mandelbaum was served with notice of the hearing scheduled to be held before the Referee appointed to compute the amounts due under the mortgage. He argues that his presence in Israel provided sufficient grounds to vacate his default before the Referee. However, in view of the numerous delays and defaults already present in this action, it was not incumbent on the Referee to put over the hearing. Mandelbaum made no showing of a good faith effort to attend the hearing, although he knew of the import of the matter, on which considerable judicial effort had already been expended.

There is no evidence that ignorance of the previous appointment of Mr. Evans as Referee to compute the amounts due under the mortgage, and the appointment of Mr. Gerwin in his place, was anything but an oversight on the part of plaintiff and the court. As Mr. Evans had conducted no hearings, and as his appointment followed the execution of the initial settlement agreement, the failure to formally relieve him was a mere technical defect which had no effect on these proceedings. Further, the appointment of a Special Referee to resolve limited issues relating to specified payments in connection with the second stipulation of settlement cannot be construed as limiting the authority of the court to appoint a Referee to compute and determine the total amount due under the mortgage.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Wallach, J. P., Ross, Asch and Rubin, JJ.